Dixon *v.* Ford and another.

THOMAS DIXON *v.* NICHOLAS FORD and another.

Authority to an agent to settle or compromise a debt, does not empower him to bind his principal to defray the costs and incur the responsibility of collecting notes, offered to him in settlement by the debtor.

Defendant offered plaintiff's agent certain notes in the settlement of a debt due to his principal, and to guarantee the payment of any portion which could not be collected after suit, on condition that the latter would advance the expenses and assume the responsibility of their collection, and in the mean time suspend any proceedings against him. Plaintiff refused to assume the expense and responsibility of collecting the notes, but retained them as collateral security, and sued for the original debt: *Held,* that so long as he retained the notes, his right of action would be suspended.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

*G. B. Duncan,* for the appellant.

*C. M. Jones,* for the defendants.

MORPHY, J. This suit is brought to recover a balance of $18,621 10, due on an open account annexed to plaintiff's petition. The answer denies the indebtedness of defendants, and pleads the general issue. It further avers, that in 1838, there existed an un-

settled account current between T. Dixon and the said N. and E. Ford & Co.; and that in order to avoid litigation and obtain an extension of time to settle the same, the defendants agreed to secure to the said Dixon the amount now claimed, by transferring to him, without endorsement, certain promissory notes, with the understanding that the same were to be collected at maturity, by and on account of said Dixon, he engaging to use all legal measures and due diligence to recover from the makers, and to defray all costs and charges, and that in case of failure to collect their amount, the defendants were to be responsible for so much as might then remain unpaid. That the said T. Dixon accordingly received the said notes through his agent, S. C. Thwing, in New Orleans, together with the written guarantee of defendants for their ultimate payment under the conditions agreed on. That one of these notes has been placed for collection in the hands of attorneys residing in Mississippi, where they were all payable, and has been sued on for the use of said Dixon, who holds all the other notes assigned under the agreement, and has refused to return them. That, after a considerable lapse of time, he has offered to return only the guarantee, the terms of which formed the consideration for which said notes were transferred to him. That by said agreement, all indebtedness on this account current, if any ever existed, was extinguished, and a new contract created, which has never yet been rescinded and still exists, and upon which alone the defendants can be held liable by the said T. Dixon.

The case was laid before a jury; their verdict was, 'that the notes received by S. C. Thwing for plaintiff, were so received only as collateral security, and that plaintiff cannot sue until the insolvency of the collateral security debtors should appear.' Upon this verdict, judgment was rendered as in a case of non-suit, and the plaintiff appealed, after a fruitless effort to obtain a new trial.

This verdict is objected to, as having, it is said, neither form nor substance; as not responding to the issues presented by the pleadings, and as drawing from the only fact found by the jury a legal conclusion which it was not their province, but that of the court, to annex to their finding. It is urged, moreover, that the conclusion which they have drawn is not warranted by law, as the possession of collateral security does not bar the right of the cre-

ditor to sue on the primary or original debt. It is true, that from the language in which the verdict is couched, the latter part of it appears to be rather a legal deduction from the first fact found, than the finding of a distinct one, to wit: that the suspension of the right to sue was a part of the agreement between the parties. This we believe was the meaning of the jury, from the pleadings in this case, and from the charge of the judge, in which, so far as it goes, we can perceive no error, although its incorrectness was made one of the grounds of the motion for a new trial below. Having taken this view of the agreement, and evidence in support of it, the jury could not find absolutely in favor of the defendants. Had they done so, they would have apparently sanctioned the defence set up in the answer, that the debt had been extinguished by novation, a conclusion to which they had not really arrived. This verdict therefore, although somewhat informal, expresses their opinion on the facts of the case, and justified the non-suit entered upon it. From the evidence before us, we are satisfied that the settlement proposed by the defendants, and upon which they rely as an extinguishment of the present claim on the account, was never finally assented to either by Thwing or by the plaintiff. The former was, even in our opinion, without authority to accept it for his principal. His powers, it is true, were full and ample to effect an adjustment, settlement, or compromise in relation to the debt, but surely could not warrant him in making a contract which imposed on the plaintiff the duties of an agent, coupled with the burthen of defraying all the costs, and incurring the responsibility incident to the collection of the notes which the defendants offered to guarantee. Thwing appears to have been himself aware that he could not make such an onerous contract for his principal; for on receiving the guarantee and notes, he told the defendants, that he would submit their proposition to Dixon for his determination. This was not objected to by the defendants, who were afterwards duly advised of the plaintiff's refusal to accede to the proposed arrangement. Had the plaintiff then directed his agent to return the guarantee and notes, received subject to his decision, we see nothing that could have prevented him from suing forthwith on the open account; but the evidence shows·that although the settlement submitted to him was rejected, the plaintiff returned only the deed

of guarantee, and retained all the notes as collateral security for the payment of his claim against the defendants, thus unfairly obtaining a security not intended to be given to him, and depriving the defendants of means out of which they might perhaps have raised funds to pay their debt. This, the plaintiff had clearly no right to do; the proposition should have been accepted, executed, or rejected *in toto.* The notes were not tendered as collateral security, but as a payment under certain tèrms and conditions; as long as they are retained, the plaintiff cannot sue for the debt in payment of which they were delivered to him.

*Judgment affirmed.*